Per Curiam.

Section 2943.03, Revised Code, enumerating the pleas which may be made to an indictment, reads in part:
“A defendant who does not plead not guilty by reason of insanity is conclusively presumed to have been sane at the time of the commission of the offense charged. The court may, for good cause shown, allow a change of plea at any time before the commencement of the trial.”
At arraignment, petitioner pleaded ‘ ‘ not guilty. ’ ’ He made no attempt to change his plea to “not guilty because of insanity.” Hence, under the above-quoted section, he was conclusively presumed to have been sane at the time of the commission of the offense for which he was tried.
Section 2725.05, Revised Code, provides as follows:
“If it appears that a person alleged to be restrained of lbs liberty is in the custody of an officer under process issued by * * * virtue of the judgment or order of a court of record, and that the court * * * had jurisdiction to * * # render the judgment * * *, the writ of habeas corpus shall not be allowed. If the jurisdiction appears after the writ is allowed, the person shall not be discharged by reason of any informality or defect in the process, judgment, or order.”
The Common Pleas Court which tried and sentenced petitioner had jurisdiction of the subject matter and of his person. This being the case, any errors or defects which occurred in the proceedings which led to the conviction and sentence of the petitioner, including the substantive law concerning insanity *396 as a defense, are not proper subject matter in a habeas corpus proceeding but should be presented to a reviewing court on appeal.

Petitioner remanded to custody.

Weygandt, C. J., Zimmerman, Taet, Matthias, Bell, Bryant and O’Neill, JJ., concur.
Bryant, J., of the Tenth Appellate District, sitting by-designation in the place and stead of Herbert, J.